Thank you, your honor. May it please the court. My name is Timothy Rote. I'm here today as the appellate defendant. In this case, I owned the Northwest Group of Companies that over 20 years employed 10,000 people and paid in the range of 80 million dollars in payroll. Over that span of time, we were involved in three lawsuits. Two of those lawsuits involved information technology managers who attempted to use their trusted positions to extort a raise and in both cases use their control over our servers and data to shut down the company for days at a time. Plaintiff Zweizig is one of those parties. I want to spend my time today addressing a few cases. Specifically, Mr. Zweizig's contract with his employer NDT has a mandate for arbitration, mediation, and arbitration. That issue was raised in this case and the court did not compel. We raised the issue during the answer. We raised the issue during the motion to dismiss and the subsequent motion to dismiss and during the course of the case. The mandate for arbitration under the Federal Arbitration Act and the Oregon Unified Arbitration Act are similar. They're same. Both require the court has limited jurisdiction. The question is whether or not a contract exists and whether or not the claims in that contract. There is no dispute that a contract exists. The question as to whether or not a post-termination retaliation claim exists as a controversy subject to the arbitration agreement was also well settled. Mr. Zweizig brought post-employment retaliation claims in an arbitration in 2005, 2006, to 2011 and specifically prevailed on post-employment retaliation claims. Claims he raises today are the same category of claims. I want to reference specifically that the contract agreement section 6.5 of the agreement provides that Oregon shall govern questions relative to interpretation and construction of the agreement and its enforcement regardless of venue or jurisdiction. Case I cited in the brief and the one that I think represents the best instruction is Livingston versus Metropolitan Clinic. In that case, the court concluded that the question or issue of waiver involves a condition precedent and is to be decided by the arbitrator. The court shall decide only whether a contract to arbitrate exists and whether a controversy is subject to arbitration. The court in Livingston decided the question the Federal waiver in order to accomplish that waiver must the party must that is resisting arbitration must show prejudice before waiver will be found. The same analysis is true in Livingston and Livingston specifically references Fisher AG Becker a Ninth Circuit case. Prejudice for federal purposes then is questioned on what the plaintiff alleged the plaintiff in this case alleged that that he was prejudiced based on the element of time and interim cost. The Ninth Circuit specifically precludes or finds that a difficult point and finds it unavailing when the plaintiff also knew of the obligation to arbitrate which he clearly did. The plaintiff in fact implicated the contract in this claim. Livingston also has precisely the same analysis for Livingston and the Metropolitan Clinic I think is also instructive in that it deals with non-signatories and it dealt with an administrative procedure. Livingston went through with Metropolitan Clinic a BOLI procedure that took a period of time and even through that process engaged in discovery. At the end of that BOLI issued a right to sue order letter and then and Metropolitan proceeded to try to compel arbitration and ultimately was successful in doing so. In this case judicial estoppel applies, equitable estoppel applies, Livingston is also instructive on questions of non signatories and specifically addressed the issues under that. I'm sorry if I'm whistling a little bit I had a little tooth extracted a week ago. For purposes of that analysis the court, Livingston court used an estoppel analysis basically the contract and allegations are so intertwined with the parties that a non-signature in fact could implicate the contract and pursue arbitration. Also I'd like to bring to the attention as I just raised earlier this week, Hatcoff versus Portland Adventist Medical Center. This is a case also that resulted in a former employee bringing a age discrimination case and the parties entered into an EEOC went through an EEOC procedure and at the end of that EEOC procedure Portland Advent Portland Adventist brought up the issue of arbitration for the first time just as just as Livingston did for the first time. After the administrative procedure which was a period of time and after some discovery had been done. And in this case it is a little more unique in that after Hatcoff proceeded to file his case that Portland Adventist actually pursued dismissal or in the alternative a motion to compel because Hatcoff had failed to meet the conditions precedent the outline of procedures internal procedures for purposes of proceeding to litigation and prevailed in dismissing the case against the plaintiff. This is the primary point is on the ask is that you vacate the judgment and compel arbitration but in the alternative there are two additional arguments first has Hatcoff presents an opportunity for purposes of dismissal and this case is similar to the Hatcoff case. Zwojcik failed to go through the mediation procedures in under the contract and it would be subject to dismissal following the Hatcoff case. But in addition there's a structural issue I think with claim under 659 A.0301F and 1G and for purposes of that discussion I identify McLaughlin versus Wilson. The difficulty with the structure of the complaint is that it attempts to attribute to NDT and out-of-business employer life as the principal retaliator because I'm the former CEO of that company. During that period of time my publication of the blog which is the point of retaliation for purposes the plaintiff's allegation arose after NDT was out of business. Now in this case I was the aid and a better under 1G. So during the course of the case the employer and only employer was identified as NDT and that company was out of business. So in the absence of being able to to give credibility to the absurd and out-of-business employer was attributed with my activity so that that could also be attributed back to me as an aided and a better. I was essentially the same for both parties. McLaughlin actually references the point that the absurd cannot happen where the 1F party and the 1G party are the same party and that's precisely what happened in this case. McLaughlin I think is also the employer. Both were former or the other retaliator party both were former employees of the employer and this is I think particularly instructive on this point because both Mr. Zwijek and I were both former employees of NDT at the time the alleged retaliation happened. In the event the 1F litigation fails or the 1F claim fails so does the 1G claim. Finally I want to address a few other issues. The anti-SLAPP motion dismissed my claim for defamation under the guidance of the Ninth Circuit Planned Parenthood versus Center for Medical Progress. That particular question was raised. There's a factual challenge as to whether or not the defamation that the plaintiff had been truthful. I raised alternative factual challenges and ultimately received subpoena evidence from the US Marshals Service showing that their earlier statement was in fact in a declaration by counsel was in fact perjurous. Accordingly under that the anti-SLAPP should not have been entertained until discovery was complete and the court had a chance to evaluate it against the body of evidence. In this case no as it turned out no discovery was actually permitted. There was a structural difficulty with a 30-day period that resulted in neither party being able to engage in discovery and the court did not grant any additional extension. There are numerous other issues that I've raised in the brief that would have had the effect of I think I identified 17 counts of misconduct by. We're pretty familiar with your brief. Okay. Would you like to save some time for a rebuttal? I would Your Honor. Okay let's hear from the other side and then they also have a cross-appeal so why don't you respond to anything that you'd like to on the appeal by Mr. Roat and then we'll take up your cross-appeal. Thank you Your Honor. Shanoa Payne representing Mr. Sweizig. First I'd like to address the non-signatory issue. Obviously the arbitration agreement is a matter of contract. This court looks to Oregon law as a matter of contract and looks to the language of the arbitration agreement to determine whether the agreement disputes between the parties here are governed by this contract. The language of this arbitration agreement does not govern or is expressly limited to disputes of the parties. The parties are expressly defined here as NDT and Mr. Sweizig. Nowhere in this agreement is Mr. Roat named as a party. It fails to include NDT's owners, directors, employees, or agents. The company is expressly defined as NDT only. The Bates case out of Oregon that the Oregon Court of Appeals that came out recently is determinative in this case. In that case the court looked to the scope of the agreement and stated that a non-signatory child of a party was not bound to the arbitration agreement. It referred only to the parties and did not at any time identify the non-signatory child as a party to the agreement. And that was despite very broad language in the arbitration agreement including that it would cover any dispute or claim that arises out of or relates to this agreement. It also did not provide any notice to the signing party to the arbitration agreement that the non-signatory child would be bound to the arbitration agreement. This circuit's Moondy case in 2009 applying California law which is not a different contract law than Oregon reached the same result in Bates. It looked to the scope of the arbitration agreement and which was between only Wells Fargo and its borrowers. And in that case a third party was trying to enforce an arbitration agreement against a borrower. And similarly there it had broad language of arising out of or in any way relating to all disputes out of the contract similar to language in this arbitration agreement here. And despite that broad language it held that since the dispute was not between the parties here the arbitration agreement did not apply. And so I would submit that because this dispute is between Mr. Wrote and plaintiff and not between NDT and plaintiff the arbitration agreement simply does not apply. And I'd like to move on to waiver although Mr. Wrote did not bring that up. He does a point to his answer which did not raise arbitration as a defense. And he does raise in his brief an initial motion to compel arbitration. However, he voluntarily voluntarily withdrew that initial motion and then very quickly asserted a an amended answer asserting seven counterclaims seeking damages of 11 million dollars against plaintiff. Moved to join plaintiff's attorney and fiance as counterclaim defendants. Filed an anti-slap motion to dismiss plaintiff's claims which we will concede that Mr. Wrote ultimately dismissed that but was aggressively litigating claims in federal court. This circuit's New Earth case that came out very recently noted that a party's withdrawal of a motion to compel arbitration and failure to renew that motion strongly supports a determination that a party intentionally waives its right to compel arbitration. So Mr. Wrote here although initially filing a motion to compel arbitration changed course and aggressively litigated in the federal forum here and that would constitute arbitration. I also want to point out that this court should view Mr. Wrote's decision to pursue the federal forum in light of Mr. Wrote's statements in his blog criticizing the arbitration system. His choice to pursue the federal forum and waive arbitration is not surprising considering that he was very critical of the arbitration system. His statements include you don't get sophisticated judges when you arbitrate. Arbitration should be avoided at all costs. The process is just too dangerous and you are better off in court. His decision to take chances in the federal forum and see what would happen in the federal forum is not surprising. I'm sorry I couldn't. Okay and then I just want to address prejudice really quickly because Mr. Wrote states that you know relies on the Fisher case but here decisions were already made on the merits regarding the counterclaims that Mr. Wrote's raised and that would have to be re-litigated in arbitration and the Martin case in particular states that the fact that issues would have to be re-litigated in arbitration is dispositive of prejudice and unless the court has any questions on the arbitration I'd be happy to move on to the cross appeal. In our cross appeal we raise a cross appeal regarding the district court's decision to reduce the jury's verdict from $1 million to $500,000 under Oregon's non-economic cap on damages under ORS 31710. That cap only applies expressly to damages arising out of bodily injury. The phrase following arising out of bodily injury states that it comma including emotional injury or distress death or property damages. The district court construed that phrase as applying only to bodily damages arising out of bodily injury and not just the phrase bodily injury. To construe the statute as applying the cap to all actions particularly all actions seeking emotional injury or distress would require an absurd reading of the or it would require construing emotional injury or distress death or property damages to be equivalent to bodily injury. There are many cases as both myself and amicus pointed out that construe property damage and death and emotional distress as being separate from bodily injury and particularly common sense just dictates that property damage for instance is not the same as bodily injury. So how long has the statute been on the books? Since 1987. And the Oregon Court of Appeal neither the Oregon Court of Appeal nor the Oregon Supreme Court have in any way addressed it? Well as I cite in my brief there are several cases where the Court of Appeals and Supreme Court assume without citing that the statute does not apply if the plaintiff is not seeking damages arising out of bodily injury but it does not seem that anyone has raised this issue specifically such that the court has addressed this issue. Let me ask you this. What are the as we say in our case law what are the data points that suggest the Oregon Supreme Court might interpret the statute the way in which you advocate here today? There are tools of statutory construction one of which we identify including the doctrine of last antecedent. Both myself and amicus Oregon where a phrase following a comma that phrase including necessary if there is a comma then that phrase modifies the entire antecedent not just the specific word before that comma. So the Oregon Supreme Court follows this doctrine and therefore that is indicative that the Oregon Supreme Court would construe this this phrase including emotional injury or distress death or property damages as modifying the entire phrase seeking damages arising out of bodily injury and not just the word bodily injury. Also the previous cases that are cited as to also the doctrine that the Oregon Supreme Court does not construe statutes to result in an absurd results such as property damage equaling bodily injury for instance. Those doctrines of statutory construction the Oregon Supreme Court would follow those. Are there any shall we call it heart-tugging factors that would support your view here? Sort of a cry for justice? Well you know I think if you look at the legislative history and the purpose of the statute I don't know if it's heart-tugging per se but really what what the purpose of this cap on damages was was the legislature was concerned with insurance premiums and costs related to specific type of actions. Those specific type of actions were medical malpractice negligence and personal injury actions. The legislature was not did not consider or it's not concerned with employment actions or the these types of cases and the insurance costs related these types of cases. So if you're talking about what the legislature was trying to accomplish I do not think it was trying to accomplish capping damages in these types of cases. Let's see in response to Judge Pius, when was the statute adopted? In 1987 and I just want to mention you know the Vasquez case talks about the legislative history of 1987 and the general tort reform objectives in in depth so that's a good case to look at and it really talks about how you can't you can't take from this general tort reform objectives of the 1987 Senate bill that the legislature would not want to have certain exceptions to this damages cap and that there's a lot of silence in this general tort reform objectives and really you can't take from this silence in the legislative history you know the lack of one way or the other and really the legislative history is voluminous it's very voluminous and yet there are no specific discussions regarding its intent to apply the statute one way or the other to damages arising out of bodily injury one way or the other and there's nothing in this legislative history that contradicts our proposed interpretation of the statute unless the court has any further questions I would just mention that we do believe that the Oregon Supreme Court is the proper venue to construe the statute and and we would request certification but unless the court has a motion to that effect we did I can't resist saying that Judge Paya has addressed it correctly. What are the data points? I had to rely upon heart-tugging points. Well I mean the heart-tugging points would be the jury awarded damages and to reduce those damages is to take that constitutional aspect away from the jury thank you thank you your honor I want to make sure that I address the point that the parties originally in the 2006 to 2011 arbitration I was sued as a party and I was non-signatory so both parties adopted the fact that that was a proper forum to to be sued in as a non-signatory I did address waiver and both the party resisting arbitration must show that they are prejudiced and the party resisting based on the representation of the prejudice that they claimed would not meet the status necessary to to prevail on a waiver argument the plaintiff would not prevail on a waiver argument I also want to clarify that while I removed my initial motion to dismiss my answer referenced the mandatory arbitration and my amended motion to dismiss also did the same thing all within seven months of the initial response finally the anti-slap is something that has to be initiated within 60 days of a counterclaim and so it will run in conflict with the period of time necessary to even go through administrative procedures that in and of itself should not be interpreted to mean that once an anti-slap is filed that waiver of arbitration exists I brief that point I do want to point out that with respect to the non-economic damages claims there is a general acceptance and under state law that this is of course constitutional it's been tried the Horton case made that very clear the bodily injury definition to stress based on looking at the legislative intent that has also been adjudicated in favor of a reduction of the imposition of the cap under the Pierce case to nold which is referenced in the case make reference to the minority opinion specifically adopted and agreed that the cap would apply the Vasquez case did an analysis but ultimately came to the conclusion that that was a case of exception and so did not apply it the rings case specifically examined whether or not the cap would apply and determined that it was constitutional but it was also too great of a reduction so that the court decided to not apply it but it did not discount the fact that that that the cap was valid constitutionally those are the ends of my end of my comments thank you mr. wrote thank you count thank you mr. wrote and counsel will submit the matter at this time and our last case on this calendar for the for today is American Hallmark insurance company of Texas versus Oregon interiors and that's case has been submitted on the briefs and records so that concludes our session for today thank you all very much
judges: Wollman, Fernandez, Paez